UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| MELISSA A. REILLY, | ) | No. 17 B 11095 |
| | ) | |
| Debtor. | ) | Judge Goldgar |

## FINAL PRETRIAL ORDER

This case is set for an evidentiary hearing at the United States Courthouse, 219 South Dearborn Street, Courtroom 642, Chicago, Illinois, on September 21, 2017, at 9:30 a.m. on (1) the motion of chapter 13 Glenn Stearns to dismiss the case with a bar to refiling (Dkt. No. 20), and (2) the motion of Lord & Marcos, Inc. to dismiss the case with a bar to refiling (Dkt. No. 13).

At the court's discretion, the hearing will continue from day to day until completed. Unless modified by the court, the following provisions will govern the course of proceedings in this case:

**1. Continuances.** The hearing date is firm. No continuance of the hearing date will be granted other than for exceptionally good cause shown. Any motion for continuance must be presented, with proper notice, at least ten (10) days before the hearing date. A motion for continuance may be noticed for presentment at the courthouse in Chicago.

**2. Discovery.** Discovery is expedited. All response times are reduced to fourteen (14) days. Discovery cut-off is September 7, 2017. All discovery must be completed by that date.

**3. Pleadings and Dispositive Motions.** No party has expressed a desire to file any dispositive motions.

**4. Exhibits and Exhibit Lists.** Fourteen (14) days before the hearing date, each party must exchange with the other parties (a) copies of all exhibits the party intends to introduce into evidence and (b) a list of the party's exhibits. Each proposed exhibit must be clearly numbered (not designated with a letter or other symbol) in the order of its probable presentation at the hearing. Each document must be given a separate exhibit number. Next to each exhibit on the exhibit list a brief description of the exhibit must be provided.

Demonstrative exhibits that the parties intend to use at the hearing must also be marked, included on the exhibit lists, and exchanged fourteen (14) days before the hearing date.

Each party must file its exhibit list (*but not the exhibits themselves*) with the court and must deliver to chambers on the filing date one (1) set of the exhibits and one (1) copy of the

exhibit list. *If a party lists more than ten (10) exhibits, the exhibits themselves must be submitted in one or more three-ring binders, and the exhibits must be tabbed.* Group exhibits must be sequentially paginated by Bates stamp or some comparable method.

No later than seven (7) days after receiving an opposing party's exhibit list, a party must file, serve, and deliver to chambers a list stating as to each exhibit whether there is an objection to its admission. If there is an objection, a specific ground must be listed for the objection. Relevance objections need not be listed and are reserved for trial. Any other objection not listed is waived. Any objection as to which a specific ground is not listed is also waived.

**5. Witnesses and Witness Lists.** Fourteen (14) days before the hearing date, each party must exchange with the other parties, and must file with the court, a list of all witnesses the party intends to call at the hearing, together with a brief description of the subject matter of the witness's testimony. One (1) copy of the witness list must be submitted to chambers on the filing date.

The list must be divided into three categories: (a) witness who *will* be called to testify; (b) witnesses who *may* be called to testify; and (c) witnesses whose testimony will be presented by deposition or other prior testimony (indicating whether the presentation will be by transcript or video).

All experts who will or may be called must be included on the witness list and must be specifically designated as "expert." A brief statement of the topic of each expert's testimony must be provided.

**6. Trial Briefs.** Trial briefs are optional. Should a party choose to file a trial brief, the brief must be filed no later than seven (7) days before the hearing date. The page limit is fifteen (15) pages, unless the court orders otherwise. The brief should (1) describe what the party believes the evidence at the hearing will show, (2) identify the salient legal issues, and (3) provide a thorough and complete legal argument, with citations to relevant legal authorities, supporting the party's contentions on the merits.

**7. Compliance with this Order.** Failure to comply with this Order *will* result in the imposition of appropriate sanctions pursuant to Rule 16(f), Fed. R. Civ. P. 16(f) (made applicable by Fed. R. Bankr. R. Rule 7016). These include, but are not limited to, the following:

a. Any exhibit not listed and exchanged in accordance with this Order will not be admitted into evidence. A party who fails to exchange and file the list of exhibits that this Order requires will be precluded from introducing any exhibits into evidence. *In re Maurice,* 21 F.3d 767 (7th Cir. 1994).

b. Any witness not identified and listed in accordance with this Order will be barred from testifying at the hearing. A party who fails to exchange and file with the court the list of witnesses that this Order requires will be barred from presenting any witnesses. *In re Maurice,* 21 F.3d

767 (7th Cir. 1994).

Dated: July 24, 2017

                                                                                                                                _____
A. Benjamin Goldgar
United States Bankruptcy Judge